# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHOOTER CONSTRUCTION CO., INC.,

       Plaintiff,             :         Case No. 3:11-cv-181

                                  District Judge Walter Herbert Rice
   -vs-                         Magistrate Judge Michael R. Merz

                           :

WELLS FARGO INSURANCE
 SERVICES USA, INC.,

       Defendant.

## REPORT AND RECOMMENDATIONS ON REMAND EXPENSES AND FEES

This case is before the Court to consider an award of expenses and fees incurred by Plaintiff in litigating the remand of this case to the Montgomery County Common Pleas Court. An award of attorney fees under these circumstances is a dispositive matter requiring a recommendation from a Magistrate Judge. See *Bennett v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir. 1992)(*per curiam*), and *Estate of Conners v. O'Connor*, 6 F.3d 656 (9th Cir. 1993).

In recommending remand in this case, the Magistrate Judge analyzed at some length why the removal here was not objectively reasonable and Defendant should therefore be held liable for Plaintiff's "just costs and actual expenses, including attorney fees, incurred as a result of the removal" (Report and Recommendations, Doc. No. 18, PageID 174). Defendant filed no objection to that Report and it was adopted by Judge Rice on September 20, 2011 (Order, Doc. No. 20).

As ordered, Plaintiff filed a Declaration of its counsel, Craig Mathews, supporting the amount of its expenses request, $4,619.70 (Doc. No. 19). Defendant Wells Fargo opposes the award on a number of bases (Doc. No. 23) and Plaintiff has filed a Reply in support (Doc. No. 26).

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Wells Fargo concedes this language was added to the statute by Congress to reduce "the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." (Response, Doc. No. 23, PageID 204, *quoting Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1060 (6th Cir. 2008).[1]

**"But for" Causation**

Wells Fargo's first objection to Plaintiff's request is that the phrase "incurred as a result of the removal" limits Plaintiff's just expenses to the amount spent "researching and briefing [the] motion to remand" (Response, Doc. No. 23, PageID 204). It argues that, because it conceded that removal was improper in responding to the Motion to Remand, Plaintiff should not be allowed to recover its $800 in expenses in preparing the Reply Memorandum, largely because that memorandum was on the issue of attorney fees. *Id.* at PageID 206. *A fortiori*, it argues, Plaintiff should not recover for any subsequent expenses related to attorney fees, including the briefing now before the Court. *Id.*

In support of the proposed limitation to "researching and briefing the motion to remand," Wells Fargo relies on *Playa Marel, P.M., S.A., v. LKS Acquisitions, Inc.*, 2010 U.S. Dist. LEXIS 40699 (S.D. Ohio March. 31, 2010)(Rose, J.). In that case, plaintiff never opposed removal and never filed a motion to remand. Instead, the Sixth Circuit on appeal *sua sponte* found the District Court had no jurisdiction and ordered remand to the state court. *Playa Marel, P.M., S.A., v. LKS*

---

[1] *Warthman* at the location cited is quoting from the Supreme Court's decision in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

*Acquisitions, Inc.*, 585 F.3d 279 (6th Cir. 2009). Plaintiff thereafter sought an award of $346,774.27 in attorney fees, which was the entire amount it had expended in litigating the case after removal. Judge Rose interpreted the words "incurred as a result of removal" as limited to "prosecuting a remand action," particularly distinguishing those amounts from "ordinary litigation expenses that would have been incurred had the action remained in state court." 2010 U.S. Dist. LEXIS 40699 at *7, relying on *W.H. Avitts v. AMOCO Production Co.*, 111 F.3d 30, 32 (5th Cir. 1997). Because Plaintiff sought all of its post-removal litigation expense, but had never expended anything on attempting to get the case remanded, Judge Rose denied any award. Thus the holding of *Playa Marel* is that a plaintiff who never moves for remand may not recover any of its post-removal expenses when the case is remanded through no effort of its own. The language from Judge Rose's opinion that a plaintiff is limited to the expenses incurred in researching and briefing a motion to remand" is, when applied to this case, dictum.

Other cases cited by Wells Fargo are also not as limiting as it argues; some in fact support the "but for" interpretation for which Plaintiff argues. For example, in *Simenz v. Amerihome Mortg. Co., LLC*, 544 F. Supp. 2d 743 (E.D. Wisc. 2008), the court disallowed only time spent on motions to dismiss and strike because they were directed to the merits and awarded the balance of expenses sought by plaintiff. *Id.* at 747. The *Simenz* court quoted approvingly the Seventh Circuit's opinion that "when a party's 'adversary wrongfully drags them into a second judicial system, the loser must expect to cover the incremental costs.'" *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000). "Incremental costs" supports a "but for" interpretation of "incurred as a result," the interpretation Plaintiff argues for in this case.

In *May v. Johnson Controls, Inc.*, 440 F. Supp. 2d 879 (W.D. Tenn. 2006), Judge Bernice Donald recognized her discretion to award fees, but denied them altogether. The case does not stand for the proposition for which Wells Fargo cites it.

In *Harvard Real Estate-Allston, Inc. v. Kmart Corp.*, 407 F. Supp. 2d 317 (D. Mass. 2005)., the court awarded $10,000 of a requested $46,920, but cut the request on the basis that too much time had been spent on the motion to remand, and not because and of plaintiff's attorney fees had been incurred for some other reason. In *Albion Pacific Property Resources, LLC., v. Seligman*, 329 F. Supp. 2d 1163 (N.D. Cal. 2004), the court limited the fee award on a similar basis; the key issue was the reasonableness of the fees incurred, not the question whether they were incurred "as a result" of the removal.

Plaintiff's position is consistent with the plain meaning of the text. The natural reading of "incurred as a result" is that expenses that result from – are caused by – the improper removal are compensable. That would include, but not be limited to, expenses incurred in prosecuting a remand motion. It would also include, for example, the necessary expenses of being in the "second judicial system" referred to by the Seventh Circuit in *Garbie, supra*: expenses of obtaining counsel and having them enter appearances, participate in the Fed. R. Civ. P. 26(f) conference and prepare the joint report of that conference, and then participate in the scheduling conference with the District Judge. A plaintiff even with a concededly meritorious remand motion cannot count on its being granted before other case activities take place.

Plaintiff's interpretation is also consistent with the purpose[2] of Congress' recent amendment to § 1447(c) which the Supreme Court recognized in *Martin v. Franklin Capital Corp.*, 546 U.S.

---

[2] In interpreting any statute, a court should
> 1. Decide what purpose ought to be attributed to the statute and to any subordinate provision of it which may be involved; and then
>
> 2. Interpret the words of the statute immediately in question so as to carry out the purpose as best it can, making sure, however, that it does not give the words either (a) a meaning they will not bear, or (b) a meaning which would violate any established policy of clear statement.

Hart and Sacks, THE LEGAL PROCESS (Eskridge & Frickey ed. 1994), p. 1169.

132, 140 (2005). "The Court saw the purpose of assessing fees and costs upon remand as reducing the use of removal to delay litigation and to impose costs on plaintiffs." Wright, Miller, Cooper & Steinman, Federal Practice and Procedure 4th, § 3739 at 891. Applying that interpretation in this case would certainly be consistent with that purpose: Defendant removed the case improperly on the eve of trial, conceded the impropriety in its response to the Motion to Remand, but nonetheless failed to withdraw its Notice of Removal, which would have stopped any Plaintiff's expense "incurred as a result of removal."

In sum, the Magistrate Judge recommends the Court adopt Plaintiff's "but for" causation reading of "incurred as a result of removal." This is not inconsistent with Judge Rose's holding in *Playa Marel, supra*, where there were no expenses incurred as a result of the removal which would not otherwise have been incurred in litigating the case.

**Reasonable Fees and Expenses**

The primary concern in an attorney fee matter is that the fee awarded be reasonable. *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999), *citing, Blum v. Stenson*, 465 U.S. 886 (1984). In determining a reasonable attorney fee award, the district court must calculate "the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate." *Paschal v. Flagstar Bank, FSB,* 297 F.3d 431, 434 (6th Cir. 2002), *quoting, Reed, supra.* The party seeking attorney's fees bears the burden of proof on the number of hours reasonably expended and the reasonableness of the rates claimed. *Granzeier v. Middleton,* 173 F.3d 568, 577 (6th Cir. 1999); *see also, Reed, supra.* The fee applicant "should submit evidence supporting the hours worked and the rates claimed." *Reed,* 179 F.3d at 472, *citing, Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). In determining the number of hours reasonably expended, the District Court should exclude excessive,

redundant, or otherwise unnecessary hours. *Tinch v. City of Dayton,* 199 F. Supp. 2d 758, 762 (S.D.Ohio 2002), *citing, Hensley,* 461 U.S. at 434. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. *Reed, supra, citing, Hensley, supra.* The lodestar method of calculating reasonable attorney's fees is applicable to attorney fees awarded in most contexts in federal practice, including, for example, under Fed. R. Civ. P. 37. *Watkins & Sons Pet Supplies v. Iams Company,* 197 F. Supp. 2d 1030 (S.D.Ohio 2002)(citations omitted).

Defendant does not dispute the reasonableness of the hourly rates of the two attorneys who have worked on this matter for Plaintiff. Its objection instead is to the amount of time expended and the lack of specificity in the time records.

First of all, based on the interpretation of the statute recommended above, Defendant's objections to the five time entries listed in its Response (Doc. No. 23, PageID 206-207) are not well taken as these expenses plainly were incurred as a result of the removal and not related to litigating the merits of the case.

Secondly, Defendant's objection to fees for drafting the Reply Memorandum in support of remand and the motion papers related to the fee award is also not well taken. Until a motion is won, an attorney cannot rely on a concession by his opponent as justification for failure to file a reply memorandum. Particularly in this case, where apparently Defendant was ready for trial in the state court and then removed at the last minute, Plaintiff's counsel can hardly be faulted for filing a reply memorandum. After all, if Defendant genuinely meant to concede improper removal, it could have withdrawn the Notice of Removal.

As Defendant notes, almost all of the attorney time since the Motion to Remand was filed has been expended on the attorney fee issue. But that is clearly ancillary to the Motion to Remand and would not have been incurred had the removal not taken place.

Defendant's objections to the specificity of Plaintiff's counsels' time records is adequately

addressed in Plaintiff's Reply Memorandum in Support of the fee declaration: an attorney need not waive attorney-client privilege in submitting time records.

## Conclusion

The attorney fee award requested by Plaintiff – $4,619.70 – is consistent with the lodestar method of calculating attorney fees. That is, it is the product of reasonable hourly rates actually billed to the client multiplied by the number of hours expended. Plaintiff should be awarded its attorney fees in the amount requested.

November 28, 2011.

s/ **Michael R. Merz**<br>
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).